**Opinion issued February 21, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-18-00294-CV**

———————————

**LAWRENCE ADAMS, Appellant**

**V.**

**THE ESTATE OF TED WHITENIGHT, DECEASED AND MUSTANG SECURITY AND INVESTIGATIONS, Appellees**

On Appeal from the 164th District Court
Harris County, Texas
Trial Court Case No. 2016-32230

## MEMORANDUM OPINION

Appellant, Lawrence Adams, has filed a notice of appeal of the trial court's order granting appellees The Estate of Ted Whitenight, Deceased, and Mustang Security and Investigations' motion for a no-evidence and traditional summary

judgment, signed on January 26, 2018. We dismiss the appeal for want of jurisdiction.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Here, the trial court signed a final order on January 26, 2018. The clerk's record filed in this Court does not reflect that appellant filed a post-judgment motion that would have extended the time to file a notice of appeal to ninety days. Accordingly, appellant's notice of appeal was due by February 26, 2018, or by March 13, 2018, with a fifteen-day extension. *See* TEX. R. APP. P. 4.1, 26.1(a), 26.3;

*Verburgt*, 959 S.W.2d at 617. Appellant untimely filed his notice of appeal on April 12, 2018. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On December 20, 2018, the Clerk of this Court notified appellant that his appeal was subject to dismissal for want of jurisdiction unless, by January 3, 2019, he filed a written response showing how this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a). Appellant responded stating, in part, that the trial court signed an order "on summary judgment" on January 26, 2018. The response, however, does not show that we have jurisdiction over the appeal from the January 26, 2018 summary judgment.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Hightower.